IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LONNIE CHAMBERS and DORIS CHAMBERS, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) CIVIL NO. 08-554-GPM ) |
| MEDTRONIC, INC., and MEDTRONIC USA, INC., | ) ) ) ) |
| Defendants. | ) |

# **MEMORANDUM AND ORDER**

**MURPHY, District Judge:**

The Court, on its own motion, has reviewed the notice of removal and complaint in the present case to determine whether it has subject matter jurisdiction. Under Federal Rule of Civil Procedure 12(h)(3), this Court is obligated to review its own jurisdiction *sua sponte*. *See Hammes v. AAMCO Transmissions, Inc.*, 33 F.3d 774, 778 (7th Cir. 1994) ("the court has an independent duty to satisfy itself that it has subject-matter jurisdiction"); *see also Ricketts v. Midwest Nat'l Bank*, 874 F.2d 1177, 1181 (7th Cir. 1989). In light of Seventh Circuit Court of Appeals opinions, *see, e.g., Smith v. American Gen'l Life and Accident Ins. Co.*, 337 F.3d 888 (7th Cir. 2003); *Tylka v. Gerber Prods. Co.*, 211 F.3d 445 (7th Cir. 2000); *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072 (7th Cir. 1992) (per curiam), this Court has undertaken a more rigorous initial review of complaints and notices of removal to ensure that jurisdiction has been properly pleaded.

Defendants removed this action, in which Plaintiffs assert a products liability claim concerning a defibrillator that allegedly caused personal injury, claiming that jurisdiction is proper

under 28 U.S.C. § 1332. Defendants properly allege that they are citizens of Minnesota, as that is their state of incorporation and their principal place of business. *See* 28 U.S.C. § 1332(c)(1). However, Defendants' allegation that "[u]pon information and belief, and as alleged in the complaint, Plaintiffs are citizens of Illinois" is insufficient to properly allege diversity of citizenship. First, an allegation based upon "information and belief" is insufficient to establish diversity of citizenship jurisdiction. *See America's Best Inns*, 980 F.2d at 1074. Second, the complaint reveals Plaintiffs' *residence* not their citizenship, which is insufficient for diversity jurisdiction purposes. *Id.* ("[i]n federal law citizenship means domicile, not residence"). As the proponents of jurisdiction, Defendants must establish the requirements for subject matter jurisdiction, *see Meridian Security Ins. Co. v. Sadowski*, 441 F.3d 536 (7th Cir. 2006), and at this time, they have not done so.

Although it seems likely that Defendants will be able to establish jurisdiction by more appropriate allegations, "subject matter jurisdiction must be a matter of certainty and not of probabilities." *Murphy v. Schering Corporation*, 878 F. Supp. 124, 125-26 (N.D. Ill. 1995). Because this action likely will be transferred to multidistrict litigation, this issue must be resolved immediately. Accordingly, pursuant to 28 U.S.C. § 1653, Defendants are **ORDERED** to file an Amendment to the Notice of Removal **on or before August 22, 2008**, to set forth Plaintiffs' citizenship. If Defendants fail to file an Amendment to the Notice of Removal in the manner and time prescribed or if, after reviewing it, the Court finds that Defendants cannot establish federal subject matter jurisdiction, the Court will remand the action to the Third Judicial Circuit Court, Madison County, Illinois, pursuant to 28 U.S.C. § 1447(c) for lack of jurisdiction. *See Guaranty Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996) (remanding case because "[l]itigants who call on the resources of a federal court must establish that the tribunal has jurisdiction, and

when after multiple opportunities they do not demonstrate that jurisdiction is present, the appropriate response is clear"); *see also Belleville Catering Co. v. Champaign Mkt. Place, L.L.C.*, 350 F.3d 691, 692 (7th Cir. 2003) ("Once again litigants' insouciance toward the requirements of federal jurisdiction has caused a waste of time and money.").

**IT IS SO ORDERED.**

DATED: 08/20/2008

s/ *G. Patrick Murphy*
G. Patrick Murphy
United States District Judge